SOLEDAD RODRÍGUEZ ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1123. Submitted July 7, 1943.—Decided July 19, 1943.

*Ismael Soldevila* for appellant.   The registrar appeared by brief.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Soledad Rodríguez, for herself and in behalf of her minor children, Salvador .and Olga Acosta Rodríguez, brought an action of debt in the District Court of San Juan on February 14, 1933, against José Suárez García and Dolores Acosta López.   On that same day the lower court issued an order directing the Registrar of Property of San Juan, Second Section "to enter a marginal note of the registration of the property subject to the payment of the obligation claimed in said complaint, in order to secure the effectiveness of the judgment that may be rendered in favor of the plaintiffs." The clerk of the lower court sent the order accordingly to the registrar together with a copy of the complaint and on March 6, 1933, the latter refused to comply with said order and entered the following note:

"The entry ordered in the aforesaid order is hereby denied on the ground that the obligation claimed is of a personal character, not covered by §91 of the Code of Civil Procedure, and instead a cautionary notice is entered for the statutory period of one hundred and twenty days, in view of the copy of the complaint, where the property is described at the margin of the second inscription, property No. 17, Folio 74, over, Volume 1 of Río Piedras."

The registrar at that time was Mr. Emigdio S. Ginorio.

Not until 10 years later, that is, on May 20, 1943, did the present registrar, Mr. J. López del Valle, notify Attorney E.

380

Soldevila, who had presented the document, of the registrar's refusal copied above, and from this note the plaintiffs in the action of debt took the present administrative appeal on the same date they were served with the note.

▮▮▮▮ The present registrar alleges in his brief that since the cautionary notice was entered for a period of 120 days counted from March 6, 1933, the same should be considered cancelled and nonexistent for the last 10 years according to the statute, and he cites *Antonsanti* v. *Registrar,* 9 P.R.R. 171, and *Ramis et al.* v. *Registrar,* 18 P.R.R. 74.

It is true that in the aforesaid cases it was held that the cautionary notices entered, under §7 of the Act of March 1, 1902, on Appeals from Decisions of the Registrars of Property, by said officers upon refusing the recordation or entry of any instrument because of incurable defects, operate only to secure the rights of the parties seeking the recordation or entry of the document for the period of 120 days during which such notices are effective; notwithstanding this, we are of the opinion that pursuant to §§1, 2, and 3 of the aforesaid Act, the appeal herein was timely taken. Said Sections provide as follows:

"Section 1.—That when any registrar of property refuses absolutely or provisionally to record or to give its full legal effect to any document which may be presented to him for recording or for the annotation of the contents thereof, whether it be a deed, a decree, a mortgage, a satisfaction of a mortgage or any other document which he is required by law either to record or to enter, he shall set out clearly and concisely at the foot of the document his reasons for the refusal and *shall serve notice of his action upon the interested party accompanied by a copy of his written reasons for the refusal.*

"Section 2.—In case the party interested in the record or the entry of the document shall not withdraw it within two days after having been notified as aforesaid, the registrar shall forthwith forward it to the Supreme Court in order that it may affirm or reverse his action. The decision of the Supreme Court shall be rendered within ten days after the receipt of the document, and on the day following its rendition the document, accompanied by a copy of the

decision, shall be returned to the registrar in order that he may comply with the decision of the Court. While the matter is pending in the Supreme Court, the interested party may, either in person or by attorney, submit a written argument to the Court in support of his right to have the document recorded or entered.

"Section 3.—The party interested may withdraw the document within two days *after the refusal of the registrar to record or enter it, and within twenty days thereafter may present it to the Supreme Court and the Court shall thereupon affirm or reverse the action of the registrar,* as in Section 2." (Italics ours.)

If the petitioners were notified of the registrar's refusal after 10 years, but took their appeal within the term provided by §3, *supra,* we are of the opinion that they are entitled to our review of the note appealed from (Cf. *Sociedad Agrícola de Gurabo* v. *Registrar of Property,* 18 P.R.R. 788; *Molfulleda* v. *Registrar of Property,* 18 P.R.R. 800; *Porrata* v. *Registrar of Humacao* 26 P.R.R. 263), especially if we take into account the fact that this court has already decided this question contrary to the grounds set forth by the registrar in his note.

In fact, the action of debt between *Soledad Rodríguez, et al.* v. *José Suárez García* and *Dolores Acosta López,* where an order was issued which gave rise to the registrar's refusal, reached this court on appeal when the complaint was dismissed by way of a demurrer filed by defendant Suárez and this court upon reversing said judgment in *Rodríguez* v. *Suárez,* 48 P.R.R. 281, held, copying from the syllabus, that: "The mention in the registry of the obligation to pay a credit, imposed upon the person to whom the property was awarded by a deed of partition, is real in nature and is binding upon third persons." Upon the reversal of this judgment the court granted permission to the plaintiff to file an amended complaint. Judgment was rendered by this court on March 21, 1935, and we have no knowledge of the proceedings had in said case since that date, although we

382

imagine that the action is still pending since the petitioners insist that the complaint be entered in the registry.

The registrar contends that "in the event that the notice of the complaint, instead of being refused (with or without reason), should have been entered, more than twice the period fixed by law would have elapsed within which any person could have sought the cancellation by prescription of the right guaranteed by said note." We can not decide this case by mere speculations of what any interested party might have done if the notice of the complaint had been entered. We accept that if more than four years have elapsed the cancellation could have been sought, *Aguilar* v. *Registrar*, 57 P.R.R. 598; *Heirs of Trías* v. *Registrar*, 59 P.R.R. 462; however, since the notice was not entered it is obvious that no right may be exercised.

For the reasons stated in the opinion of this court in *Rodríguez* v. *Suárez, supra,* the note appealed from is hereby reversed and the entry sought is ordered.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.